THOMAS, Circuit Judge,
dissenting.
I agree with the majority’s conclusion that both the Lexington and Allianz insurance policies afforded primary coverage. However, I respectfully disagree with the conclusion that the Lexington and Allianz policies insured completely different interests. The majority, citing Alexander v. Security-First Nat. Bank of Los Angeles, 7 Cal.2d 718, 62 P.2d 735, 737 (1936), correctly notes that California law distinguishes between the insurable interests of lessors and lessees. However, it then holds that “Allianz’s policy insures the owner’s interest in the property, an interest in fee, whereas Lexington’s policy insures the tenant’s interest in the property, a leasehold interest.”
However, Lexington’s policy, which insured the lessee, explicitly provided that it insured, as “Additional Insureds ... Any lessor, lessee or other party as required under the terms and conditions of any lease, contract, or agreement entered into by the insured.” The lease between the insureds required the lessee to purchase fire insurance “to the extent of at least ninety percent (90%) of the full insurable replacement value thereof on the building in which the demised premises are a part, and the on all fixtures and equipment therein of which Lessor is legal owner.” The lease, by its own terms, required the lessee to purchase insurance for the lessor’ s property, thus bringing risk to the lessor’s property within the scope of the “Additional Insureds” clause in the Lexington policy.
This is not a case like Alexander, in which one policy insured the distinct interests of the lessor and another policy insured the lessee. Rather, both the Lexington and the Allianz policies insured the lessor’s property interest against fire damage. Thus, although there were portions of the coverage afforded by the policies that were mutually exclusive; there was one risk covered by both policies. Therefore, as to that risk, the Lexington and Allianz policies meet the requirements for equitable contribution in California because they (1) share the same level of obligation, (2) on the same risk, (3) as to the same insured, Fireman’s Fund Ins. Co. v. Maryland Cas. Co., 77 Cal.Rptr.2d at 304 n. 4 (1998). Of course, the level of contribution would have to be equitably allocated by the district court. I would vacate the judgment and remand for the district court to make that determination.